26 F.3d 127
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Plaintiff-Appellee,
v.
Terry BARNETT, Defendant-Appellant.
 No. 93-3895.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 9, 1994.
Filed: June 8, 1994.
 
 Appeal from the District Court of Minnesota, Fourth Division.
 Before ARNOLD, Chief Judge, LIVELY,* Senior Circuit Judge, and FAGG, Circuit Judge.
 PER CURIAM.
 
 
 1
 The principal contention of the defendant in this appeal from his conviction for possession of cocaine base with intent to distribute is that the prosecutor's closing argument to the jury constituted reversible error. He also raised a Fourth Amendment claim in his brief, but did not pursue it at oral argument. Finding no error in the district court proceedings, we affirm.
 
 I.
 A.
 
 2
 Two Minneapolis police officers, while on duty in the early hours of November 10, 1992, heard gunfire nearby. Upon investigating, they saw two men chasing and shooting at another group of men. All the men involved in the affair were young African-Americans. The officers pursued one of the shooters, who wore a white jacket and dark pants, but were unable to catch him. This occurred at about 12:50 a.m. The officers did apprehend the other shooter, arrested him, and found a small quantity of crack cocaine on his person.
 
 
 3
 Meanwhile, other police units answered a call to the scene. At 1:00 a.m., two newly arrived officers observed the defendant Barnett sitting on a bus stop bench approximately two blocks from the place where the shooting had occurred. Because Barnett fit the general description of the shooter who had gotten away, the officers decided to investigate. When they approached Barnett the officers observed that he was breathing hard and appeared to be attempting to avoid eye contact with them. When questioned, Barnett could give no reasonable explanation for his presence there alone at that time of night.
 
 
 4
 While one officer frisked Barnett, the other one searched the area around the bench. There was a trash receptacle next to the bench and, although it was raining, the officer found a dry left-hand textured glove lying on top of the trash and garbage, all of which was wet. The officer picked up the glove, felt a lump inside, and extracted crack cocaine. The officers then arrested Barnett and found more cocaine in a matching right-hand glove taken from Barnett's pocket.
 
 B.
 
 5
 The jury found Barnett guilty of possession with intent to distribute cocaine, but acquitted him of two weapons charges. Prior to the trial the district court, adopting the report and recommendation of the magistrate judge who conducted a suppression hearing, found that the search of Barnett was lawful because it was made in connection with a valid arrest.
 
 II.
 
 6
 Because Barnett's counsel did not argue the suppression issue, we are not certain exactly what evidence he sought to suppress. Nevertheless, it is clear from the record before us that the officers had probable cause to arrest Barnett after, discovery of the dry glove containing cocaine atop the otherwise wet trash and garbage in the receptacle next to where Barnett was sitting. The officers had a sufficiently articulable suspicion under Terry v. Ohio, 392 U.S. 1 (1968), to stop and frisk Barnett, and this suspicion ripened into probable cause with discovery of the cocaine in the abandoned glove. Based on probable cause, the officers then arrested Barnett and conducted a search of his person incident to the arrest. This search produced more cocaine, which was introduced at the trial. The district court did not commit error in denying Barnett's motion to suppress evidence.
 
 III.
 
 7
 Barnett asserts that he is entitled to a new trial because, in his closing argument, the prosecutor appealed to the passion and prejudice of the jury by dwelling on the evils of the drug trade and by "vouching" for the truthfulness of government witnesses, the four police officers involved in pursuing and arresting Barnett.
 
 A.
 
 8
 This court has established a two-part test for determining whether a prosecutor's remarks constitute reversible misconduct: (1) the remarks must, in fact, be improper; and (2) they must have prejudicially affected the defendant's substantial rights to the point of denying the defendant a fair trial. United States v. Johnson, 968 F.2d 768, 770 (8th Cir. 1992); United States v. Hernandez, 779 F.2d 456, 458 (8th Cir. 1985). Once it is determined that a prosecutor has made an improper argument, the court considers three factors in deciding the issue of prejudice: (1) the cumulative effect of the prosecutor's misconduct; (2) the strength of the properly admitted evidence of the defendant's guilt; and (3) the curative action, if any, taken by the trial court. Hernandez, 779 F.2d at 460. Although a finding of prejudice ordinarily requires an examination of the cumulative effect of improper arguments, "a single misstep" may be sufficient for reversal if sufficiently egregious. Johnson, 968 F.2d at 771 (quoting United States v. Solivan, 937 F.2d 1146, 1150 (6th Cir. 1991)).
 
 
 9
 It is improper for a prosecutor to make an emotional appeal in the hope that the jury will convict on some basis other than the evidence presented. United States v. Lee, 743 F.2d 1240, 1253 (8th Cir. 1984). It is also improper for a prosecutor to vouch for the veracity of witnesses called by the government. United States v. Freisinger, 937 F.2d 383, 386 (8th Cir. 1991). Nevertheless, when defense counsel argues that the government's witnesses have lied or that the prosecutor has engaged in some underhanded tactics in presenting the government's case, the prosecutor is entitied to make a fair response. It is not reversible error for the prosecutor to respond to such a charge by pointing out reasons to reject defense counsel's argument. Lee, 743 F.2d at 1253.
 
 B.
 
 10
 The government introduced evidence of the street value of the cocaine taken from Barnett. Such evidence is proper because the sentence in a drug case depends, in part, on the value of the drugs involved in the offense for which the defendant is being tried. It was permissible for the prosecutor to refer to this evidence in his closing argument, and we do not believe his reference to the more wholesome uses to which money spent on drugs might be deployed crossed over the line to an impermissible plea for the jury to use this case to "send a message."
 
 
 11
 The second prong of Barnett's argument refers to the prosecutor's comments about the truthfulness of the officers' testimony. First, we note that in her closing argument defense counsel told the jury that these officers lied about the circumstances surrounding the discovery of cocaine in the glove in the trash can. Although the prosecutor was unnecessarily caustic in his response, it is clear that his statements were in direct response to the attack on the veracity of the officers' testimony. Defense counsel had not made any serious effort by cross- examination to challenge the truthfulness of the officers during the trial, or otherwise to impeach their testimony. The prosecutor was entitled to make a fair response.
 
 C.
 
 12
 We conclude that the prosecutor's statements in closing argument were not improper under the circumstances revealed by this record. A trial judge has broad discretion in controlling arguments of counsel, and a conviction will not be overturned for prosecutorial misconduct unless the record reflects a clear abuse of that discretion. Johnson, 968 F.2d at 769. We find no abuse of discretion here.
 
 
 13
 The judgment of the district court is affirmed.
 
 
 
 *
 The HONORABLE PIERCE LIVELY, Senior Circuit Judge for the Sixth Circuit, sitting by designation